"We have considered this case, without oral argument, on defendant’s motion for summary judgment. Plaintiff was granted a hardship discharge from the United States Air Force on June 22, 1966; at the time of his discharge, he had attained the rank of staff sergeant (E-5) and had been notified of his selection for promotion to the rank of technical sergeant (E-6). Due to the circumstances which had led to plaintiffs seeking the hardship discharge, he was unable to accept the technical sergeant promotion before leaving the service. Plaintiff reentered the Air Force on October 21, 1971 as a staff sergeant. He petitioned the Board for the Correction of Military Records alleging that he should have been allowed reentry at the rank of technical sergeant, a promotion he claims to have earned even though he never officially had that rank before his hardship discharge. His request for elevation to technical sergeant was finally denied by the Air Force on October 17, 1975. He has asked this court for promotion to technical sergeant as of his reenlistment date and the difference in pay between staff sergeant (E-5) and technical sergeant (E-6) from October 21, 1971 to the present.
"While plaintiff may have, in some sense, earned the rank of technical sergeant before he left the Air Force in *752 1966, he never actually served in that rank. Moreover, plaintiffs reenlistment occurred some 5 years and 4 months after his discharge; Table 3-4 of Air Force Manual (AFM) 33-3 (C-2) governs the reentry of persons in plaintiffs category to the Air Force. The regulation is clear that anyone seeking reentry after more than 4 years from the date, of separation from the Air Force is to be ranked at the last grade when separated, but in no event higher than staff sergeant. Plaintiff was granted on reentry the rank he held at his separation, namely staff sergeant; but, even had he accepted the technical sergeant promotion which he had earned, his reenlistment, under Air Force regulations, could not have been at a rank higher than staff sergeant.
"We hold therefore that the Air Force has complied with the regulations governing plaintiffs reentry to that service, and that he has no legal claim to be considered to have reenlisted as a technical sergeant. If the court has the authority to determine whether the Correction Board acted arbitrarily or capriciously, or abused its discretion, in refusing to find that plaintiffs treatment on reenlistment was an "injustice” warranting correction, we hold that plaintiff has presented no facts or circumstances showing that in this instance the Board did abuse its discretion or act arbitrarily or capriciously.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted and the petition is dismissed.”